UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE ERVIN,

    Petitioner,                                       Case No. 06-CV-10004-DT
                                                      Honorable Lawrence P. Zatkoff

v.


HUGH WOLFENBERGER,

    Respondent.
_____/

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS, STAYING CASE WITH CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

**I.**

Petitioner Freddie Ervin ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus. Petitioner is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He challenges the constitutionality of his 2002 convictions for first-degree murder, felony firearm, and felon in possession of a firearm. Because Petitioner has failed to exhaust his state court remedies for some of his claims related to ineffective assistance of counsel and newly-discovered evidence, the Court shall hold the petition in abeyance, with conditions, so that Petitioner may return to state court to exhaust those claims.

**II.**

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, asserting that (1) the trial court improperly instructed the jury regarding first and second degree murder and admitted irrelevant M.R.E. 404(b) evidence, and

(2) defense counsel was ineffective for failing to object to the prosecutor's introduction of bad act evidence and for failing to request an appropriate jury instruction concerning that evidence. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Ervin*, No. 245255, 2004 WL 1057769 (Mich.App. May 11, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal on December 29, 2004. *People v. Ervin*, 471 Mich. 949; 690 NW2d 107 (2004).

Petitioner's instant habeas petition was filed on January 3, 2006. In his pleadings, he raises the same claims presented to both the Michigan Court of Appeals and the Michigan Supreme Court.

### III.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, *supra* at 160. Here, Petitioner has not met his burden of showing exhaustion of state court remedies.

On January 3, 2006, Petitioner filed his petition for habeas corpus containing all exhausted claims. Since filing the petition, Petitioner has discovered two new unexhausted federal constitutional claims of merit. The record reveals that Petitioner did not present (1) the issue of counsel's failure to file a motion to compel because the prosecutor failed to comply with the discovery order, associated with his ineffective assistance of trial and appellate counsel claims, and (2) the newly discovered evidence claim, involving an affidavit from the principal witness for the State who admits he perjured himself on the stand, to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner is requesting a stay because he would like to give the state courts the first opportunity to correct those claims. In the event that he is unsuccessful in the state courts, then Petitioner would like to join those claims with his currently already exhausted claims for adjudication in this federal habeas corpus proceeding. Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded

from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. 276.  Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics.  *Id*. at 277.

In this case, Petitioner has shown the need for a stay.  It appears that his claims, involving discovery issues and ineffective assistance of trial and appellate counsel and newly discovered evidence, are not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2004.  Petitioner then had ninety days in which to seek a writ of certiorari with the United States Supreme Court.  *See* Sup.Ct.R. 13(1).  With regard to the statute of limitations, therefore, his convictions became final on March 29, 2005, ninety days after the Michigan Supreme Court denied leave to appeal.  Petitioner filed the instant petition on January 3, 2006.  Thus, he has approximately three months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending.  *Cf. Duncan v. Walker*, 533 U.S. 167, 181-81 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period).

Petitioner's claims do not appear to be "plainly meritless."  *Rhines*, *supra* at 277. Petitioner claims that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel, and there is no indication of intentional delay by

Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

### IV.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies as the claims contained in this habeas petition. Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to his newly-stated claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

**IT IS SO ORDERED.**

                                              **s/Lawrence P. Zatkoff**
                                              **LAWRENCE P. ZATKOFF**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: June 27, 2006**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 27, 2006.

s/Marie E. Verlinde
**Case Manager**
**(810) 984-3290**