UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE ERVIN,

                Petitioner,                          Case Number: 06-10004

v.                                                    Honorable Lawrence P. Zatkoff

HUGH WOLFENBARGER,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO REOPEN HABEAS PETITION, (2) GRANTING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, (3) DIRECTING THAT THE AMENDED PETITION BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (4) DIRECTING RESPONDENT TO FILE ITS RESPONSIVE PLEADING AND THE NECESSARY RULE 5 MATERIALS**

**I.    Introduction**

Petitioner Freddie Ervin filed a *pro se* petition for a writ of habeas corpus on January 3, 2006 [Docket #1]. On January 12, 2006, this Court ordered Respondent to answer Petitioner's petition by July 10, 2006 [Docket #2]. On June 9, 2006, Petitioner then filed a motion to stay the case in order for him to return to state court to exhaust certain claims; the petition contained claims that allegedly had not been exhausted in state court. On June 27, 2006, the Court granted Petitioner's motion and administratively closed the case so that Petitioner could return to state court to exhaust his unexhausted claims. The Court directed that the petition would be stayed provided that Petitioner: (i) presented his claims in state court within sixty days of the Court's Order staying the petition; and (ii) asked the Court to lift the stay within sixty days of exhausting his state-court remedies.

Presently, on July 2, 2008, Petitioner filed an amended petition, which this Court construes

as a motion to reopen the case and a motion to amend the habeas petition. For the reasons stated below, the Court lifts the stay and deems Petitioner's attached amended petition as properly filed. The Court will further order that the Clerk of the Court serve a copy of the amended petition upon Respondent and the Michigan Attorney General's Office by first-class mail. The Court will further order Respondent to file a responsive pleading to the amended petition and the necessary Rule 5 materials by January 9, 2009.

## II. Procedural Background

In his pleadings, Petitioner states that he has exhausted his state-court remedies through collateral review in state court. On August 16, 2006, Petitioner filed a *pro se* motion for relief for judgment, pursuant to Mich. Ct. R. 6.500, raising the following claims:

> I. Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel on appeal by failing to raise a meritorious claim which was integral to Petitioner's case and may have resulted in reversal of Petitioner's conviction and the granting of a new trial.
>
> II. Petitioner was denied effective assistance of trial counsel by counsel going to trial without discovery material and failure to file a motion to compel against the prosecutor for failure to comply with the discovery order that required the prosecution to provide defense with the police reports and prior statements made by witnesses, criminal backgrounds, and prosecutorial deals with witnesses which contained potentially exculpatory information, depriving Petitioner without a proper defense afforded by the Sixth Amendment of the United States Constitution.
>
>> A. The prosecution withheld/suppressed material exculpatory impeachment evidence, exculpatory evidence of witnesses past criminal records, prosecution deals with witnesses, prior inconsistent police statements issued by witnesses and names and addresses of witnesses seen standing over the victim's body prior to and after the victim was shot.

> III. Petitioner, who is innocent, convictions must be overturned and a new trial granted, where the newly discovered evidence of chief prosecutorial (sic) Timothy Murrell, revealed that he committed perjury and fabricated his entire testimony against Petitioner in order to receive a lighter sentence on his criminal sexual conduct and home invasion convictions, along with the affidavit of Dirlain D. Moore, swearing that (his cousin), witness Jamal Jackson confessed to him of committing the murder Petitioner now stands convicted of, thus denying Petitioner his constitutional right to a fair trial.

On February 12, 2007, the trial court denied Petitioner's motion for relief from judgment. Subsequently, Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, and raised the additional claim:

> I. The trial court's decision denying relief is contrary to firmly established federal [law] and is clearly erroneous and will cause manifest injustice and the opinion by the trial court conflicts with decisions of this court and the United States Supreme Court.

On October 23, 2007, the Michigan Court of Appeals denied leave, stating that Petitioner failed to show "good cause and prejudice." *People v. Ervin*, No. 277787 (Mich. Ct. App. Oct. 23, 2007). Petitioner subsequently filed an application for leave to appeal from that decision in the Michigan Supreme Court. The Michigan Supreme Court denied leave on May 27, 2008. *People v. Ervin*, 748 N.W.2d 809 (Mich. 2008). On that basis, Petitioner has exhausted his state-court remedies.

## III. Discussion

Here, the Court finds that Petitioner has complied with the Court's order. He has returned to this Court to request the stay be lifted within sixty days, as was required by the Court's Order.

Federal courts have the power to order that a habeas petition be reinstated upon timely

request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998).

Here, the Court will permit Petitioner to amend his petition because there is neither any indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on Petitioner's part in bringing the motion. The Court also finds that there is no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

The Court also orders that the Clerk of the Court serve a copy of the amended petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first-class mail, as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry*, No. 04-71209, 2005 WL 1861943 (E.D. Mich. Aug. 2, 2005).

The Court further orders Respondent to file a response to the amended petition by January 9, 2009. A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to

set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also directed to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require that the respondents attach the relevant portions of the transcripts of the state-court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to reopen the case is **GRANTED.** The Clerk of Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that the motion to amend the petition is **GRANTED** and Petitioner's amended petition is deemed as timely filed [Docket #9].

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amended petition and a copy of this Order on Respondent and the Attorney General by first-class mail.

**IT IS FURTHER ORDERED** that Respondent file an answer to the allegations of the petition in accordance with Rule 5, Rules Governing Section 2254 Cases, by January 9, 2009.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 28, 2008.

                                                          s/Marie E. Verlinde
                                                          Case Manager
                                                          (810) 984-3290