# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FREDDIE ERVIN,

        Petitioner,

v.                                    Case Number: 06-CV-10004
                                     Honorable Lawrence P. Zatkoff

HUGH WOLFENBARGER,

        Respondent.
        _____/

## ORDER DENYING PETITIONER'S
## (1) MOTION FOR APPOINTMENT OF COUNSEL AND
## (2) REQUEST FOR AN EVIDENTIARY HEARING

On January 3, 2006, Petitioner Freddie Ervin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a Wayne County, Michigan, circuit-court jury of (1) first-degree murder, Mich. Comp. Laws §750.316(a), (2) felony firearm, Mich. Comp. Laws § 750.227(b), and (3) felon in possession of a firearm, Mich. Comp. Laws § 750.224(f). Following those convictions, Petitioner was sentenced to (1) life imprisonment for the first-degree-murder conviction, (2) the mandatory two-years imprisonment for the felony-firearm conviction, and (3) forty- to sixty-months imprisonment for the felon-in-possession conviction.

In his initial *pro se* pleadings, Petitioner raised two claims: improper jury instructions and an ineffective assistance of trial counsel claim regarding the admission of other-acts evidence. Subsequently, on June 9, 2006, Petitioner filed a motion to hold his case in abeyance on the basis that he discovered additional issues that had not been exhausted in the state courts: (1) an ineffective assistance of counsel claim regarding the prosecution's failure to produce certain discovery material, and (2) a claim that one of the witnesses perjured himself at trial. The Court granted Petitioner's motion [dkt. # 6].

After Petitioner satisfied the exhaustion requirements, he then motioned the Court to reopen his case, which the Court granted [dkt. # 10]. Respondent has since filed his response and the necessary Rule 5 materials [dkt. ## 12 & 13]. Before the Court now are Petitioner's "Motion for Appointment of Counsel" [dkt. # 19] and "Request for Evidentiary Hearing" [dkt. # 18]. Respondent has not filed a response to Petitioner's motion and request. The Court has reviewed Petitioner's motion and request and denies them for the reasons stated below.

## I. Motion for Appointment of Counsel

Regarding Petitioner's request for appointment of counsel, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.

## II. Request for Evidentiary Hearing

A federal district court generally is prohibited from granting an evidentiary hearing if the habeas petitioner failed to develop the factual basis for his or her claims in state courts. 28 U.S.C. § 2254(e)(2). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "Generally, a

2

habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

### III.  Conclusion

For the reasons stated above, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [dkt. # 19] is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's motion if it determines at a later date that appointment of counsel would be necessary.

**IT IS FURTHER ORDERED** that Petitioner's "Request for Evidentiary Hearing" [dkt. # 18], is also **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's request if it determines at a later date that an evidentiary hearing is necessary.

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 29, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

3